PARKER DOUGLAS (8924)
Chief Federal Deputy Attorney General
DAVID N. WOLF (6688)
GREG SODERBERG (14016)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: pdouglas@utah.gov
E-mail: dnwolf@utah.gov
E-mail: gmsoderberg@utah.gov
*Counsel for Defendants*

JONI J. JONES (7562)
KYLE J. KAISER (13924)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: jjones@utah.gov
E-mail: kkaiser@utah.gov
*Counsel for Weber Defendants*

DAVID THOMAS (3228)
Assistant Utah Attorney General
OFFICE OF THE UTAH ATTORNEY GENERAL
E-mail: davidthomas@utah.gov
*Counsel for Utah State Board of Education
and Sydnee Dickson*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EQUALITY UTAH; JANET DOE, as next friend and parent of JOHN DOE; JUSTINE DOE, as next friend and parent of JAMES DOE; and JESSIE DOE, as next friend and parent of JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> UTAH STATE BOARD OF EDUCATION; SYDNEE DICKSON, in her official capacity as State Superintendent of Public Instruction of the State of Utah; BOARD OF EDUCATION OF CACHE COUNTY SCHOOL DISTRICT; CACHE COUNTY SCHOOL DISTRICT; BOARD OF EDUCATION OF JORDAN SCHOOL DISTRICT; JORDAN SCHOOL DISTRICT; BOARD OF EDUCATION OF WEBER SCHOOL DISTRICT; and WEBER SCHOOL DISTRICT, <br><br> Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** <br><br><br> Case No. 2:16-cv-01081-DB <br><br> Judge Dee Benson |

Defendants Utah State Board of Education, Sydnee Dickson, Superintendent of Public Instruction of the State of Utah, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District,  Jordan School District, Board of Education of Weber School District, and Weber School District ("Defendants") answer Plaintiffs' Amended Complaint and assert their defenses as follows.

**FIRST DEFENSE**

Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendants respond to the separately numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1.      The allegations contained in paragraph 1of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that Plaintiffs seek to enjoin the enforcement of Utah laws and deny the remaining allegations contained in the first sentence of paragraph 1 of Plaintiffs' Amended Complaint.  In response to the allegations contained in the second sentence of paragraph 1of Plaintiffs' Amended Complaint,  Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Laws." Plaintiffs have not sufficiently identified the minor Plaintiffs or their guardians, having instead elected to proceed under the pseudonyms John Doe, James Doe, Jane Doe, Janet Doe, Justine Doe, and Jessie Doe. Accordingly, Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in the third sentence of paragraph 1 and, therefore, deny the same.

Defendants deny the legal conclusions contained in the last sentence of paragraph 1 of Plaintiffs' Amended Complaint.

2.      The allegations contained in paragraph 2 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions contained in paragraph 2 of Plaintiffs' Amended Complaint.

3.      The allegations contained in paragraph 3 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions contained in paragraph 3 of Plaintiffs' Amended Complaint.

4.      The allegations contained in the paragraph 4 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions contained in paragraph 4 of Plaintiffs' Amended Complaint.

5.      The allegations contained in paragraph 5 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the legal conclusions contained in paragraph 5 of Plaintiffs' Amended Complaint.

6.      Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint and, therefore, deny the same.

7.      Defendants deny the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9.      In response to the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs have brought an action "pursuant to 42 U.S.C. § 1983 to redress the [claimed] deprivation, under color of state law, of rights [allegedly] secured by the Constitution of the United States and federal statutes, including Title IX, 20 U.S.C. §§ 1681-1688, and the EAA, 20 U.S.C. §§ 4071-4074" but deny that Plaintiffs are entitled to the requested relief.

10.     The allegations contained in paragraph 10 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants do not dispute that the Court has jurisdiction over this matter.

11.     The allegations contained in paragraph 11 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants do not dispute that venue is proper in this Court.

12.     Defendants deny the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint.

13.     The allegations contained in paragraph 13 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants lack sufficient knowledge and information to either admit or deny

the legal conclusions contained in paragraph 13 of Plaintiffs' Amended Complaint and, therefore, deny the same.

14.     Defendants lack sufficient knowledge and information to either admit or deny the legal conclusions contained in paragraph 14 of Plaintiffs' Amended Complaint and, therefore, deny the same.

15.     Defendants Weber School District and Board of Education of Weber School District ("Weber Defendants") admit the allegations contained in the first sentence of paragraph 15 of Plaintiff's Amended Complaint. In response to the allegations contained in the second sentence of paragraph 15 of Plaintiffs' Amended Complaint, Weber Defendants admit John Doe is a gender non-conforming boy who sometimes wears clothing traditionally worn by girls. Weber Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 15 of Plaintiffs' Amended Complaint and, therefore, deny the same.

16.     Defendants lack sufficient knowledge and information to either admit or deny the legal conclusions contained in paragraph 16 of Plaintiffs' Amended Complaint and, therefore, deny the same.

17.     Defendants lack sufficient knowledge and information to either admit or deny the legal conclusions contained in paragraph 17 of Plaintiffs' Amended Complaint and, therefore, deny the same.

18.     Defendants admit the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.     Defendants admit that Sydnee Dickson is the State Superintendent of Public instruction for the State of Utah ("Superintendent"). The remaining allegations contained in paragraph 19 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that the Superintendent's powers and duties are defined by statute, administrative rules, constitutional provisions and common law.

20.     Defendants admit the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

21.     The allegations contained in paragraph 21 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that the powers and duties of the Board of Education of Weber County School District are defined by statute, administrative rules, constitutional provisions and common law.

22.     Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint.

23.     The allegations contained in paragraph 23 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that the powers and duties of the Board of Education of Cache County School District are defined by statute, administrative rules, constitutional provisions and common law.

24.     Defendants admit the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint.

25.     The allegations contained in paragraph 25 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that the powers and duties of the Board of Education of Jordan School District are defined by statute, administrative rules, constitutional provisions and common law.

26.     In response to the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint, Defendants assert that the legislative history of the laws at issue in this case speaks for itself and the Legislature's intent in promulgating S.B. 1003 cannot be determined from the statements of individual legislators.   Defendants deny the remaining allegations contained in paragraph 26 of Plaintiffs' Amended Complaint.

27.     In response to the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Laws."

28.     In response to the allegations contained in paragraph 28 of Plaintiffs' Amended Complaint, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Laws." Defendants deny the remaining allegations contained in paragraph 28 of Plaintiffs' Amended Complaint.

29.     The allegations contained in paragraph 29 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants assert that the statutes and administrative rules referenced in

Plaintiffs' Amended Complaint speak for themselves.  Defendants admit that Plaintiffs have selectively quoted a small portion of the language contained in Utah Code § 53A-13-101(1)(c)(iii)(A) and deny the remaining allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

30.   The allegations contained in paragraph 30 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves.  Defendants admit that Plaintiffs have selectively quoted a small portion of the language contained in Utah Code §§ 53A-13-101(1)(c)(iii)(A) and 30-1-2(5) and deny the remaining allegations contained in paragraph 30 of Plaintiffs' Amended Complaint.

31.   The allegations contained in paragraph 31 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves.  Defendants admit that Plaintiffs have selectively quoted a small portion of the language contained in Utah Code §§ 53A-13-101(4)(a), 53A-13-101(1)(b)(ii)(A), 53A-13-101(4)(c),  53A-13-101(4)(b), 76-5-403(1), 76-5-403(2), 76-2-204(2), 76-3-31(1)(d) and deny the remaining allegations contained in paragraph 31 of Plaintiffs' Amended Complaint.

32.   The allegations contained in paragraph 32 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants assert that the statutes and administrative rules referenced in

Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Curriculum Laws."  Defendants admit that Plaintiffs have selectively quoted a small portion of the language contained in Utah Code §§ 53A-13-101 and Utah Admin. Code r. 277-474-1(D) and r. 277-474-3(A).  Defendants deny the remaining allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

33.     In response to the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Student Club Laws."  Defendants admit that Plaintiffs have selectively quoted a portion of the language contained in Utah Code §§ 53A-11-1206(1)(b)(iii),  53A-11-1202(8), 53A-11-1207(1)(3) and Utah Admin. Code r. 277-113-6(9).  Defendants deny the remaining allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

34.     In response to the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint, Defendants assert that the statutes and administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Laws."  Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 34 of Plaintiff's Amended Complaint and, therefore, deny the same.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 36 of Plaintiffs' Amended Complaint and, therefore, deny the same.

37.     In response to the allegations contained in paragraph 37 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay Laws." Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 37 of Plaintiffs' Amended Complaint and, therefore, deny the same.

38.     Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 38 of Plaintiffs' Amended Complaint and, therefore, deny the same.

39.     In response to the allegations contained in paragraph 39 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay Laws." Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 39 of Plaintiffs' Amended Complaint and, therefore, deny the same.

40.     Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in the first sentence of paragraph 40 of Plaintiffs' Amended Complaint and, therefore, deny the same. In response to the allegations contained in the second sentence of paragraph 40 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay Laws" and deny the remaining allegations contained in paragraph 40 of Plaintiffs' Amended Complaint.

41.     Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in the first sentence of paragraph 41 of Plaintiffs' Amended Complaint and, therefore, deny the same.  In response to the allegations contained in the second sentence of paragraph 41 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay Curriculum Laws." Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 41 of Plaintiffs' Amended Complaint and, therefore, deny the same.

42.     In response to the allegations contained in the paragraph 42 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay Curriculum Laws." Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 42 of Plaintiffs' Amended Complaint and, therefore, deny the same.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Amended Complaint.

44.     In response to the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay School Laws."  Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 44 of Plaintiffs' Amended Complaint and, therefore, deny the same.

45.     In response to the allegations contained in paragraph 45 of Plaintiffs' Amended Complaint, Defendants deny that Utah statutes or administrative rules contain the phrase "Anti-Gay School Laws."  Defendants lack sufficient knowledge and information to either admit or

deny the remaining allegations contained in paragraph 45 of Plaintiffs' Amended Complaint and, therefore, deny the same.

46.     In response to the allegations contained in paragraph 46 of Plaintiffs' Amended Complaint, Defendants assert that the administrative rules referenced in Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay School Laws."  Defendants admit that Plaintiffs have selectively quoted a small portion of the language contained in Utah Admin. Code r. 277-477-5(5), r. 277-474-3 and r. 277-469-2.

47.     Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 47 of Plaintiffs' Amended Complaint and, therefore, deny the same.

48.     Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 48 of Plaintiffs' Amended Complaint and, therefore, deny the same.

49.     In response to the allegations contained in paragraph 49 of Plaintiffs' Amended Complaint, Defendants assert that Utah's statutes and administrative rules do not contain the phrase "Anti-Gay School Laws."  Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations contained in paragraph 49 of Plaintiffs' Amended Complaint and, therefore, deny the same.

50.     In response to the allegations contained in paragraph 50 of Plaintiffs' Amended Complaint, Defendants assert that Utah's statutes and administrative rules do not contain the phrase "Anti-Gay School Laws."  Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in the first sentence of paragraph 50 of Plaintiffs'

Amended Complaint and, therefore, deny the same. Defendants deny the remaining allegations contained in paragraph 50 of Plaintiffs' Amended Complaint.

51.     Weber Defendants admit the allegations contained in paragraph 51 of Plaintiffs' Amended Complaint.

52.     Weber Defendants admit that John Doe's mother ("a.k.a. Janet Doe") enrolled him in kindergarten at a public elementary school in the Weber District. Weber Defendants admit that the mother reported harassment to school authorities. Weber Defendants deny that the district did not adequately investigate her reports or take steps to protect her son. Weber Defendants deny the remaining allegations in paragraph 52 of Plaintiffs' Amended Complaint.

53.     Weber Defendants affirmatively assert that John did miss several days of school, but lack sufficient knowledge and information to either admit or deny that John suffered panic attacks. Weber Defendants deny that John experienced constant harassment at school and that he was regularly teased and beaten by his fellow students.

54.     Weber Defendants admit that John's mother reported John had been shoved into the wall and poked while standing in line before school but deny that another student was bashing John's head against the wall or that the assault could have caused serious injury. Weber Defendants deny that the incident was not adequately investigated by the school or District.

55.     Weber Defendants deny the allegations in paragraph 55 of Plaintiffs' Amended Complaint.

56.     Weber Defendants state that John's mother emailed and/or spoke with the school principal, guidance counselor and John's kindergarten teacher about the alleged harassment of her son. Weber Defendants deny the allegations that no one provided adequate assistance to John

or took reasonable steps to prevent the bullying and harassment. Weber Defendants affirmatively

assert that the principal, guidance counselor, and teacher met with and communicated with

John's mother multiple times and, in response to her concerns about John's safety, created a

safety plan for John on September 23, 2014, which John's mother agreed was adequate. Weber

Defendants deny the remaining allegations in paragraph 56 of Plaintiffs' Amended Complaint.

57.     Weber Defendants deny the allegations in paragraph 57 of Plaintiff's Amended

Complaint.

58.     Weber Defendants deny the allegations in paragraph 58 of Plaintiffs' Amended

Complaint.

59.     Weber Defendants deny the allegations in paragraph 59 of Plaintiffs' Amended

Complaint.

60.     Weber Defendants deny the allegations in paragraph 60 of Plaintiffs' Amended

Complaint.

61.     Weber Defendants deny the allegations in paragraph 61 of Plaintiffs' Amended

Complaint.

62.     Weber Defendants admit that John's mother reported that parents were accusing

her of "not being a good mom" to the principal at a meeting held on September 30, 2014, but that

John's mother could not provide names of the parents who were making these comments.  Weber

Defendants deny the remaining allegations contained in paragraph 62 of Plaintiffs' Amended

Complaint.

63.     Weber Defendants admit that John's mother reported to the teacher that John

suffered a burn on his hand from the monkey bars at school and requested the teacher keep the

14

hand wrapped until the blisters popped. Weber Defendants deny the remaining allegations contained in paragraph 63 of Plaintiffs' Amended Complaint.

64.     Weber Defendants lack sufficient knowledge and information to either admit or deny the allegations that John experienced vomiting and panic attacks, that he refused to tell his mother about the alleged incident, and that John drew a picture, and therefore deny these allegations. Weber Defendants admit that John's mother spoke to school authorities about John leaving the playground for several minutes but deny that the incident was not adequately investigated.  Weber Defendants admit that John did not return to school after October 23, 2014. Weber Defendants deny the remaining allegations contained in paragraph 64 of Plaintiff's Amended Complaint.

65.     Weber Defendants lack sufficient knowledge and information to either admit or deny the allegations regarding John and his family's experiences with home schooling and therefore, deny the same. Weber Defendants deny the remaining allegations in paragraph 65 of Plaintiffs' Amended Complaint.

66.     Weber Defendants lack sufficient knowledge and information to either admit or deny the allegations regarding John's Halloween plans and therefore, deny the same. Weber Defendants deny any remaining allegations contained in paragraph 66 of Plaintiffs' Amended Complaint.

67.     Weber Defendants lack sufficient knowledge and information to either admit or deny the allegations contained in paragraph 67 of Plaintiffs' Amended Complaint and therefore, deny the same.

68.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in the first sentence of paragraph 68 of Plaintiffs' Amended Complaint and, therefore, denies the same. Defendant Cache County School District denies the remaining allegations contained in paragraph 68 of Plaintiffs' Amended Complaint.

69.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 69 of Plaintiffs' Amended Complaint and, therefore, denies the same.

70.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in the first and second sentences of paragraph 70 of Plaintiffs' Amended Complaint and, therefore, denies the same.   Defendant Cache County School District denies the remaining allegations contained in paragraph 70 of Plaintiffs' Amended Complaint.

71.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 71 of Plaintiffs' Amended Complaint and, therefore, denies the same.

72.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 72 of Plaintiffs' Amended Complaint and, therefore, denies the same.

73.     Defendant Cache County School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 73 of Plaintiffs' Amended Complaint and, therefore, denies the same.

74.     In response to the allegations contained in paragraph 74 of Plaintiffs' Amended Complaint, Defendant Cache County School District states that the policies concerning transportation for student clubs speak for themselves and deny that those policies have been applied in a discriminatory manner.

75.     In response to the allegations contained in paragraph 75 of Plaintiffs' Amended Complaint, Defendant Cache County School District admits that the school removed a poster containing the word "gay" from the walls of the school, and denies that school "fundamentally altered the students' message."

76.     Defendant Jordan School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 76 of Plaintiffs' Amended Complaint and, therefore, denies the same.

77.     Defendant Jordan School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 77 of Plaintiffs' Amended Complaint and, therefore, denies the same.

78.     Defendant Jordan School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 78 of Plaintiffs' Amended Complaint and, therefore, denies the same.

79.     Defendant Jordan School District lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 79 of Plaintiffs' Amended Complaint and, therefore, denies the same.

80.     In response to paragraph 80, Defendants incorporate their responses to paragraphs 1 through 79 of Plaintiff's Amended Complaint.

81.     The allegations contained in paragraph 81 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants assert that the text of the Fourteenth Amendment to the United States Constitution speaks for itself.  Defendants admit that Plaintiffs have selectively quoted a portion of the language contained in the Fourteenth Amendment to the United States Constitution.

82.     Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Amended Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Amended Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of Plaintiffs' Amended Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of Plaintiffs' Amended Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Amended Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Amended Complaint.

88.     In response to paragraph 88, Defendants incorporate their responses to paragraphs 1 through 87 of Plaintiff's Amended Complaint.

89.     The allegations contained in paragraph 89 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is

deemed necessary, Defendants assert that the text of the First Amendment to the United States Constitution speaks for itself.  Defendants admit that Plaintiffs have selectively quoted a portion of the language contained in the First Amendment to the United States Constitution.

90.     Defendants deny the allegations contained in paragraph 90 of Plaintiffs' Amended Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Amended Complaint.

92.     In response to paragraph 92, Defendants incorporate their responses to paragraphs 1 through 91 of Plaintiff's Amended Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of Plaintiffs' Amended Complaint.

94.     The allegations contained in paragraph 94 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 94 of Plaintiffs' Amended Complaint.

95.     The allegations contained in paragraph 95 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.

96.     Defendants deny the allegations contained in paragraph 96 of Plaintiffs' Amended Complaint.

97.     In response to paragraph 97, Defendants incorporate their responses to paragraphs 1 through 96 of Plaintiff's Amended Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiffs' Amended Complaint.

99.     The allegations contained in paragraph 99 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 99 of Plaintiffs' Amended Complaint.

100.     Defendants deny the allegations contained in paragraph 100 of Plaintiffs' Amended Complaint.

101.     In response to paragraph 101, Defendants incorporate their responses to paragraphs 1 through 100 of Plaintiff's Amended Complaint.

102.     Defendants deny the allegations contained in paragraph 102 of Plaintiffs' Amended Complaint.

103.     Defendants deny the allegations contained in paragraph 103 of Plaintiffs' Amended Complaint.

104.     In response to paragraph 104, Defendants incorporate their responses to paragraphs 1 through 103 of Plaintiff's Amended Complaint.

105.     Defendants deny the allegations contained in paragraph 105 of Plaintiffs' Amended Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of Plaintiffs' Amended Complaint.

107.     In response to paragraph 107, Defendants incorporate their responses to paragraphs 1 through 106 of Plaintiff's Amended Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of Plaintiffs' Amended Complaint.

109.    The allegations contained in paragraph 109 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 109 of Plaintiffs' Amended Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of Plaintiffs' Amended Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Amended Complaint.

112.    In response to paragraph 112, Defendants incorporate their responses to paragraphs 1 through 111 of Plaintiff's Amended Complaint.

113.    Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Amended Complaint.

114.    The allegations contained in paragraph 114 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny the allegations contained in paragraph 114 of Plaintiffs' Amended Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of Plaintiffs' Amended Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of Plaintiffs' Amended Complaint.

117.     Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Amended Complaint.

118.     In response to paragraph 118, Defendants incorporate their responses to paragraphs 1 through 117 of Plaintiff's Amended Complaint.

119.     Defendants deny the allegations contained in paragraph 119 of Plaintiffs' Amended Complaint.

120.     Defendants deny the allegations contained in paragraph 120 of Plaintiffs' Amended Complaint.

121.     In response to paragraph 121, Defendants incorporate their responses to paragraphs 1 through 120 of Plaintiff's Amended Complaint.

122.     Defendants deny the allegations contained in paragraph 122 of Plaintiffs' Amended Complaint.

123.     Defendants deny the allegations contained in paragraph 123 of Plaintiffs' Amended Complaint.

124.     In response to paragraph 124, Defendants incorporate their responses to paragraphs 1 through 123 of Plaintiff's Amended Complaint.

125.     The allegations contained in paragraph 125 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is deemed necessary, Defendants admit that Plaintiffs have accurately quoted a portion of the Federal Equal Access Act.

126.    In response to the allegations contained in paragraph 126 of Plaintiffs' Amended Complaint, Defendants Utah State Board of Education, Board of Education of Cache County School District and Cache County School District admit that they receive federal funding.

127.    Defendants deny the allegations contained in paragraph 127 of Plaintiffs' Amended Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of Plaintiffs' Amended Complaint.

129.    In response to paragraph 129, Defendants incorporate their responses to paragraphs 1 through 128 of Plaintiff's Amended Complaint.

130.    The allegations in paragraph 130 of Plaintiffs' Amended Complaint amount to a legal conclusion to which no response is required.

131.    In response to the allegations contained in paragraph 131 of Plaintiffs' Amended Complaint, Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District admit that they receive federal funding.

132.    The allegations contained in paragraph 132 of Plaintiffs' Amended Complaint constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District admit that the School District defendants have certain responsibilities defined by statute,

administrative rules, constitutional provisions and common law, some of which are referred to in paragraph 132 of the Amended Complaint. Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District assert that the statutes and administrative rules referenced in paragraph 132 of Plaintiffs' Amended Complaint speak for themselves and deny that those statutes or rules contain the phrase "Anti-Gay Laws." Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District deny the remaining allegations contained in paragraph 132 of Plaintiffs' Amended Complaint.

133. Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District deny the allegations in paragraph 133 of Plaintiffs' Amended Complaint.

134. Defendants Utah State Board of Education, Board of Education of Cache County School District, Cache County School District, Board of Education of Jordan School District, Jordan School District, Board of Education of Weber School District, and Weber School District deny the allegations in paragraph 134 of Plaintiffs' Amended Complaint.

135. Weber Defendants reallege and incorporate by reference the preceding allegations in paragraphs 1 to 134 as though fully set forth herein.

136.     The allegations in paragraph 136 of Plaintiffs' Amended Complaint amounts to a legal conclusion to which no response is required.

137.     Weber Defendants admit the allegations in paragraph 137 of Plaintiffs' Amended Complaint.

138.     Weber Defendants admit the allegations in paragraph 138 of Plaintiffs' Amended Complaint.

139.     Weber Defendants admit their schools, including the school John attended, supervise and direct their students in the course and scope of educating them. The allegations that the school "exercised substantial control over John" amount to a legal conclusion to which no response is required in paragraph 139 of Plaintiffs' Amended Complaint.

140.     Weber Defendants deny the allegations in paragraph 140 of Plaintiffs' Amended Complaint.

141.     Weber Defendants deny the allegations in paragraph 141 of Plaintiffs' Amended Complaint.

142.     Weber Defendants deny the allegations in paragraph 142 of Plaintiffs' Amended Complaint.

143.     Weber Defendants deny the allegations in paragraph 143 of Plaintiffs' Amended Complaint.

144.     Weber Defendants reallege and incorporate by reference the preceding allegations in paragraphs 1 to 143 as though fully set forth herein.

145.     Weber Defendants deny the allegations in paragraph 145 of Plaintiffs' Amended Complaint.

146.   Weber Defendants deny the allegations in paragraph 146 of Plaintiffs' Amended Complaint.

147.   Weber Defendants deny the allegations in paragraph 147 of Plaintiffs' Amended Complaint.

148.   Weber Defendants deny the allegations in paragraph 148 of Plaintiffs' Amended Complaint.

149.   Defendants deny each and every allegation of Plaintiffs' Amended Complaint, which is not specifically admitted or otherwise pleaded to herein.

### THIRD DEFENSE

Plaintiffs lack standing to bring their claims.

### FOURTH DEFENSE

Under state law, Defendant Utah State Board of Education is not capable of being sued. Fed. R. Civ. P. 9(a); Utah Code Ann. § 53A-1 et seq.

### FIFTH DEFENSE

Defendants are entitled to the defense of qualified immunity regarding Plaintiffs' claims for money damages brought pursuant to 42 U.S.C. § 1983.

### SIXTH DEFENSE

Plaintiffs' claims for money damages are foreclosed by the Eleventh Amendment, sovereign immunity, governmental immunity, or are subject to or barred by the provisions of the Governmental Immunity Act of Utah, Utah Code Ann. §§ 63-30(d)-101, et seq.

### SEVENTH DEFENSE

To the extent Defendants acts were legislative in nature, they are entitled to absolute

immunity.

## EIGHTH DEFENSE

Defendant entities are not "persons" and are therefore not subject to suit under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Amended Complaint, Defendants pray that the Amended Complaint be dismissed, with prejudice, that Plaintiffs take nothing thereby, and that Defendants be awarded costs and fees reasonably incurred in defending this action and such other relief as the Court deems just.

DATED: November 29, 2016.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/  David N. Wolf_____
PARKER DOUGLAS
DAVID N. WOLF
GREG SODERBERG
JONI J. JONES
KYLE J. KAISER
DAVID THOMAS
Assistant Utah Attorneys General
*Counsel for Defendants*